DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Shawn Diaz, appeals from his sentence in the Lorain County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On March 11, 2004, Appellant was indicted on twenty-five counts, including gross sexual imposition, endangering children, disseminating matter harmful to juveniles, and rape. Prior to trial, the State dismissed ten of the charges. The remaining fifteen charges were tried to a jury and Appellant was found guilty on every count. Appellant appealed to this Court and we reversed the trial court's imposition of the sexually violent predator specification pursuant to the Ohio Supreme Court's decision in State v. Smith, 104 Ohio St.3d 106,2004-Ohio-6238, at ¶ 32. See State v. Diaz, 9th Dist. No. 04CA008573, 2005-Ohio-3108, at ¶ 8. Accordingly, we remanded the matter to the trial court for resentencing.
 {¶ 3} The trial court resentenced Appellant on August 19, 2005. Appellant received life sentences, with the possibility of parole after ten years, on both rape charges. Additionally, as a result of multiple, maximum sentences, Appellant received an aggregate sentence of 54 years, which was to run consecutively to the life sentences. Appellant timely appealed from his resentencing, raising three assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT SENTENCED [APPELLANT] TO CONSECUTIVE MAXIMUM SENTENCES BECAUSE IT VIOLATED HIS RIGHT TO TRIAL BY JURY GUARANTEED BY THE 6TH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 4} In his first assignment of error, Appellant contends that the trial court erred in sentencing him under unconstitutional sentencing guidelines. As Appellant failed to raise the constitutionality of the sentencing guidelines in the trial court, on appeal he has argued that the trial court committed plain error. This Court disagrees.
 {¶ 5} Pursuant to Crim.R. 52(B), a plain error that affects a substantial right may be noticed by an appellate court despite not having been brought to the attention of the trial court. The Ohio Supreme Court has explained that a reversible plain error requires that: "(1) there must be an error, i.e., a deviation from a legal rule; (2) the error must be plain, which means that it must be an obvious defect in the trial proceedings; and (3) the error must have affected substantial rights, which means that the trial court's error must have affected the outcome of the trial." (Emphasis and internal quotations omitted.) State v.Noling, 98 Ohio St.3d 44, 2002-Ohio-7044, at ¶ 62, quotingState v. Barnes (2002), 94 Ohio St.3d 21, 27. Notice of a plain error is taken with the utmost caution and only to prevent a manifest miscarriage of justice. Ohio v. Bray, 9th Dist. No. 03CA008241, 2004-Ohio-1067, at ¶ 12. Therefore, this Court will not reverse the trial court decision unless it has been established that the trial court's outcome would have clearly been different but for the alleged error. Id.
 {¶ 6} In accordance with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, this Court recognizes that the trial court sentenced Appellant under guidelines which were unconstitutional. Appellant, however, has failed to establish that his sentence would have been different but for the error.
 {¶ 7} Foster altered this Court's standard of review which was previously a clear and convincing error standard. State v.Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 11. Accordingly, this Court reviews appellant's sentence utilizing an abuse of discretion standard. Id. at ¶ 12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 8} The Foster Court noted that "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster at ¶ 42. Therefore, post-Foster, trial courts are still required to consider the general guidance factors contained in R.C. 2929.11
and R.C. 2929.12 in their sentencing decisions. A review of the record indicates that the trial court's decision to impose maximum, consecutive sentences took into account those statutory factors.
 {¶ 9} Appellant was married to the mother of several of the victims. Thus, his position of authority enabled him to commit several of the offenses. R.C. 2929.12(B)(6). Further, Appellant's convictions involved seven victims. The victims' ages were 6 (two victims), 7, 8, 9, 10, and 15. Based upon the explicit testimony given by the child victims, the trial court clearly considered that the physical and mental injuries the victims suffered were exacerbated by their ages. R.C. 2929.12(B)(1). Additionally, the testimony given by the victims unequivocally establishes that psychological harm has resulted from the offenses. R.C.2929.12(B)(2). Appellant also had a lengthy history of criminal convictions. R.C. 2929.12(D)(2). Accordingly, based upon the heinous nature of the offenses for which Appellant was convicted, the numerous child victims, Appellant's use of his position of authority, and his lengthy criminal history, we cannot say that the trial court abused its discretion when it imposed maximum, consecutive sentences upon Appellant. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN CLASSIFYING [APPELLANT]
A SEXUAL PREDATOR UNDER § 2950.09."
 {¶ 10} In his second assignment of error, Appellant argues that the trial court erred in finding that he was a sexual predator. We disagree.
 {¶ 11} R.C. 2950.01(E)(1) defines a sexual predator as an individual who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In making this determination, a trial court must consider all relevant factors, including the following, which are contained in R.C. 2950.09(B)(3):
"(a) The offender's * * * age;
"(b) The offender's * * * prior criminal * * * record * * *, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
"(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
"(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender * * *;
"(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 12} While the trial court must consider all the factors listed in R.C. 2950.09(B)(3), not every factor need be established before an individual is adjudicated a sexual predator. State v. Smith (June 2, 1999), 9th Dist. No. 18622, at *2. "[T]he clear-and-convincing-evidence standard require[s] the state to present evidence that would give the court a firm belief or conviction that [a] defendant [is] likely to commit another sexually oriented offense in the future." (Alterations sic.) State v. Williams (2000), 88 Ohio St.3d 513, 533, quotingState v. Ward (1999), 130 Ohio App.3d 551, 569. See, also,State v. Bolyard, 9th Dist. No. 20801, 2002-Ohio-2203, at ¶ 10;State v. Trakas (Feb. 6, 2002), 9th Dist. No. 01CA007871, at *2-3. The clear and convincing evidence standard "is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v. Eppinger (2001), 91 Ohio St.3d 158, 164, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 13} This Court will overturn a sexual predator determination only upon a finding that the trial court's decision was clearly erroneous. State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6. As long as some competent, credible evidence supports the classification, we must affirm the court's decision. Id. In other words, reversal is reserved for exceptional cases where a judgment is so contrary to all reasonable inferences which could be drawn from the evidence that the result is a "complete violation of substantial justice[.]"Shepherd v. Freeze, 9th Dist. No. 20879, 2002-Ohio-4252, at ¶ 8, quoting Royer v. Bd. of Edn. (1977), 51 Ohio App.2d 17, 20.
 {¶ 14} We begin by noting that:
"[T]he overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of [the] offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." (Citations omitted.) State v.Maynard (1999), 132 Ohio App.3d 820, 826, quoting State v.Daniels (Feb. 24, 1998), 10th Dist. No. 97APA06-830, at *3.
In the instant matter, Appellant's convictions involved seven victims. R.C. 2950.09(B)(3)(d). The victims' ages were 6 (two victims), 7, 8, 9, 10, and 15. R.C. 2950.09(B)(3)(c). In addition, Appellant was married to the mother of several of the victims. Thus, his position of authority enabled him to commit several of the offenses. R.C. 2950.09(B)(3)(j). Further, the State introduced evidence of Appellant's prior, non-sexually oriented, convictions. R.C. 2950.09(B)(3)(f). Finally, at his trial, the victims of Appellant's crimes testified in explicit, nauseating detail regarding the sexual acts that Appellant performed on them and in their presence. R.C. 2950.09(B)(3)(h). Such testimony clearly established a pattern of abuse. Id.
 {¶ 15} Upon review, Appellant's claim that his sexual predator determination was erroneous approaches frivolity. There are no factors which weighed against a finding that Appellant was likely to reoffend in the future. Rather, all the evidence presented to the trial court supported the inevitable conclusion that Appellant would reoffend. The trial court, therefore, did not err in its determination. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 16} In his third assignment of error, Appellant contends that he received ineffective assistance of counsel in the trial court. This Court disagrees.
 {¶ 17} A criminal defendant is guaranteed a right to the effective assistance of counsel by the Sixth Amendment. SeeMcMann v. Richardson (1970), 397 U.S. 759, 771. This Court employs a two-step process determining whether the right to effective counsel has been violated:
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984),466 U.S. 668, 687.
We need not address these elements in any particular order; if this Court concludes that prejudice to the defendant did not result from defense counsel's actions or omissions, then we need not address whether counsel's actions or omissions were actually deficient. See State v. Bradley (1989), 42 Ohio St.3d 136, 143.
 {¶ 18} Appellant asserts that he was prejudiced in two aspects by his counsel's ineffectiveness. Specifically, Appellant argues that he would not have received maximum, consecutive sentences if his counsel had objected to the imposition of the sentences. Additionally, Appellant contends that if his counsel had presented evidence during the sexual predator hearing, Appellant would not have been found to be a sexual predator. We find that both of Appellant's contentions lack merit.
 {¶ 19} In response to Appellant's first assignment of error, we found that the trial court did not err in imposing maximum, consecutive sentences upon Appellant. Accordingly, he cannot establish prejudice from the failure of his trial counsel to object to the imposition of those sentences.
 {¶ 20} In response to Appellant's second assignment of error, we found that the trial court's determination that Appellant was a sexual predator was proper. On appeal, Appellant has not argued nor even alleged that witnesses were available which would provide testimony that would alter the trial court's determination. While Appellant asserts that his counsel should have retained an expert witness, Appellant has offered no explanation as to how this expert would alter the heinous facts surrounding Appellant's convictions which led to his classification as a sexual predator. Therefore, he has failed to establish prejudice.
 {¶ 21} Having found that Appellant has failed to demonstrate prejudice, his claim for ineffective assistance of counsel must fail. Accordingly, Appellant's third assignment of error is overruled.
 III. {¶ 22} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, P.J. Boyle, J. concur.