OPINION *Page 2 
{¶ 1} Appellant Joe Z. Pressley appeals his felony sentences following a multi-count conviction in the Muskingum County Court of Common Pleas. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} In the late summer of 2005, the Muskingum County Sheriffs Department, with the assistance of a confidential informant, made several controlled buys of cocaine and crack cocaine at the Zanesville residence of appellant and his co-defendant, Marla Rush.
 {¶ 3} In September 2005, appellant was indicted on ten felony counts, including drug trafficking, drug possession, and having a weapon while under disability. At his arraignment on September 21, 2005, appellant pled not guilty to all charges. After unsuccessfully seeking suppression of certain evidence against him, appellant entered a guilty plea to seven counts on February 27, 2006.
 {¶ 4} On April 3, 2006, appellant was sentenced to an aggregate prison term of thirteen years, as follows:
 {¶ 5} Count 1: Trafficking in Cocaine (F5): Eleven months.
 {¶ 6} Count 4: Complicity to Trafficking in Cocaine (F3): Three years.
 {¶ 7} Count 6: Complicity to Trafficking in Crack Cocaine (F1): Five years.
 {¶ 8} Count 7: Possession of Crack Cocaine (F1): Five years.
 {¶ 9} Count 8: Possession of Cocaine (F5): Eleven months.
 {¶ 10} Count 9: Possession of Crack Cocaine (F5): Eleven months.
 {¶ 11} Count 10: Having a Weapon While Under a Disability (F3): Three years. *Page 3 
 {¶ 12} Counts 1, 4, 6, 8, and 9 were ordered to run concurrently with each other; Counts 7 and 10 were ordered to run consecutively.
 {¶ 13} On May 2, 2006, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:
 {¶ 14} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT CONSIDERING RC 2929.11 AND 2929.12.
 {¶ 15} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE APPELLANT TO CONSECUTIVE TERMS OF PRISON CONSIDERING RC 2929.14(E)(4)."
 I. {¶ 16} In his First Assignment of Error, appellant maintains the trial court abused its discretion in sentencing appellant under R.C. 2929.11
and 2929.12. We disagree.
 {¶ 17} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional, in light of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. Appellant in the case sub judice was sentenced in the post-Foster era. In State v. Firouzmandi, Licking App. No. 2006-CA-41, 2006-Ohio-5823, we recognized that theFoster Court's removal of R.C. 2953.08(G)(2) from the statutory sentencing scheme eliminated the clear and convincing standard and left a void concerning the applicable standard of review in sentencing matters. Id. at ¶ 37, citing State v. Windham, Wayne App. No. 05CA0033,2006-Ohio-1544 at ¶ 11. Because Foster "vest[ed] sentencing judges with full discretion" in sentencing (Foster at ¶ 100), we review felony sentences under an abuse of discretion standard. State v. Coleman, Lorain App. No. 06CA008877, *Page 4 2006-Ohio-6329. However, post-Foster, trial courts are still required to "consider" the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12 in their sentencing decisions. See State v. Diaz, Lorain App. No. 05CA008795, 2006-Ohio-3282, ¶ 8.
 {¶ 18} Appellant, while recognizing that the trial court is not bound by them, asserts that the State's plea negotiations in the case sub judice were for an aggregate of eight years, as opposed to the thirteen years appellant received. He also notes that he took full responsibility for his actions and apologized to the court and all concerned. Tr. at 5-6. In light of the factors under R.C. 2929.12(B), appellant urges that this case did not involve physical or mental injury to a victim or serious physical, psychological, or economic harm. He points out that appellant did not hold a position of trust or public office, and that there was no showing of organized criminal activity. Appellant notes that he was not motivated by prejudice, and the offenses did not involve a family or household member.[1] Finally, appellant maintains that the factors for considering whether an offender's conduct is less serious than conduct normally constituting the offense (R.C. 2929.12(C)) and the factors for considering likelihood or unlikelihood of recidivism (R.C. 2929.12(D) and (E)) weigh in his favor.
 {¶ 19} Nonetheless, as the trial court noted on the record, appellant has been previously convicted and sentenced to five to twenty-five years for attempted murder, and five to fifteen years for felonious assault. Tr. at 7-8. Both of those crimes had involved the use of a weapon. Id. In the present case, appellant forfeited a Mossberg sawed-off shotgun found in the residence as part of his sentence. Upon review, we are *Page 5 
unpersuaded the trial court abused its discretion in sentencing appellant under the guidelines of R.C. 2929.11 and 2929.12.
 {¶ 20} Appellant's First Assignment of Error is overruled.
 II. {¶ 21} In his Second Assignment of Error, appellant argues the trial court abused its discretion in ordering consecutive sentences in this case. We disagree.
 {¶ 22} In Firouzmandi, supra, we concluded that post-Foster, an appellate court reviews the imposition of consecutive sentences under an abuse of discretion standard. Id. at ¶ 40. An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." See State v. Adams (1980), 62 Ohio St.2d, 151, 157.
 {¶ 23} Upon review of the sentencing hearing transcript and the subsequent judgment entry in this matter, this Court is not persuaded that the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court otherwise abused its discretion in ordering the sentences for counts seven and ten to be served consecutively to each other and to the remaining concurrent counts. *Page 6 
 {¶ 24} Appellant's Second Assignment of Error is therefore overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed. *Page 7 
Wise, J. Gwin, P. J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs to appellant.
[1] The record before us is sparse as to Marla Rush's involvement in the drug bust. *Page 1