OPINION *Page 2 
{¶ 1} Appellant Charles G. Moffett appeals his felony sentence imposed by the Court of Common Pleas, Ashland County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On June 24, 2006, law enforcement officers found baggies of cocaine and "ecstasy" on appellant's person following his arrest for driving under a suspended license. The officers additionally found two handguns, one of them loaded, in appellant's vehicle. On August 25, 2006, the Ashland County Grand Jury indicted appellant on one count of having weapons while under a disability, a third-degree felony, one count of aggravated drug possession, a felony of the fifth degree, and one count of possession of crack cocaine, a felony of the third degree. Appellant subsequently pled guilty to the first two counts.
 {¶ 3} On October 30, 2006, the trial court issued a judgment entry of sentence. Appellant was therein sentenced to five years in prison on the count of having weapons while under a disability, and twelve months in prison on the count of aggravated drug possession. The sentences were ordered to be served concurrently.
 {¶ 4} On November 27, 2006, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 5} "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES."
 I. {¶ 6} In his sole Assignment of Error, appellant argues that his sentence constitutes an unnecessary burden on state resources. We disagree. *Page 3 
 {¶ 7} R.C. 2929.13(A) states as follows: "Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources."
 {¶ 8} In State v. Ferenbaugh (February 26, 2004), Ashland App. No. 03COA038, 2004-Ohio-977, we noted that R.C. 2929.13(A) does not provide any guidelines to define an "unnecessary burden." However, the rule in the post-Foster era is to review felony sentences under an abuse of discretion standard. See State v. Pressley, Muskingum App. No. CT2006-0033, 2007-Ohio-2171, ¶ 17, citing State v. Coleman, Lorain App. No. 06CA008877, 2006-Ohio-6329.
 {¶ 9} The record in the case sub judice reveals that appellant was already under court supervision pertaining to a Mississippi case at the time of these weapon and drug possession charges. Appellant also had previously committed similar offenses and had previously served a prison term. There is thus little to indicate that appellant's prior experiences in the justice system have effectuated any rehabilitation. Upon review, we find no abuse of discretion in the trial court's failure to find that appellant's total five-year sentence would be an unnecessary burden on state resources. *Page 4 
 {¶ 10} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 11} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
 Wise, J. Farmer, P. J., and Delaney, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed. Costs to appellant. *Page 1