OPINION *Page 2 
{¶ 1} Appellant Benjamin Vanbuskirk appeals his sentence, in the Delaware County Court of Common Pleas, following his conviction for tampering with evidence. The relevant facts leading to this appeal are as follows.
 {¶ 2} On December 1, 2006, the Delaware County Grand Jury indicted appellant on one count of tampering with evidence, R.C. 2921.12 (A)(1), a felony of the third degree. It is undisputed that on the evening of November 18, 2006, appellant and another man moved the person of Stephen Windborn, who was severely injured and unconscious, from a location inside a building in the City of Delaware to a sidewalk outside. The two men then left the scene without contacting emergency services. Windborn later died from his injuries.
 {¶ 3} Appellant initially pled not guilty. However, on February 1, 2007, appellant entered a guilty plea to the single count in the indictment. Following a sentencing hearing on March 16, 2007, the trial court sentenced appellant to five years in prison.
 {¶ 4} Appellant filed a notice of appeal on April 13, 2007. He herein raises the following sole Assignment of Error:
 {¶ 5} "I. THE TRIAL COURT'S IMPOSITION OF THE MAXIMUM SENTENCE IS CONTRARY TO LAW AND IS NOT SUPPORTED BY THE RECORD."
 I. {¶ 6} In his sole Assignment of Error, appellant challenges the imposition of a maximum sentence following his tampering with evidence conviction. *Page 3 
 {¶ 7} Appellant in the case sub judice was sentenced in the post-Foster era.[1] In State v. Firouzmandi, Licking App. No. 2006-CA-41, 2006-Ohio-5823, we recognized that theFoster Court's removal of R.C. 2953.08(G)(2) from the statutory sentencing scheme eliminated the clear and convincing standard and left a void concerning the applicable standard of review in sentencing matters. Id. at ¶ 37, citing State v. Windham, Wayne App. No. 05CA0033,2006-Ohio-1544 at ¶ 11. Therefore, the rule in the post-Foster era is to review felony sentences under an abuse of discretion standard. SeeState v. Pressley, Muskingum App. No. CT2006-0033, 2007-Ohio-2171, ¶ 17, citing State v. Coleman, Lorain App. No. 06CA008877, 2006-Ohio-6329. An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." See State v. Adams (1980) 62 Ohio St.2d. 151, 157. Furthermore, judicial fact-finding is no longer required before a court imposes maximum prison terms. State v. Mooney, Stark App. No. 2005-CA-00304, 2006-Ohio-6014, ¶ 58, citing State v.Mathis, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855. But trial courts are still required to "consider" the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12 in their sentencing decisions. SeeState v. Diaz, Lorain App. No. 05CA008795, 2006-Ohio-3282, ¶ 8.
 {¶ 8} In the case sub judice, appellant was convicted of tampering with evidence, a felony of the third degree. The sentencing range for a third degree felony is one, two, three, four, or five years. See R.C.2929.14(A)(3). The trial court's imposition of five years is within the statutory sentencing range, and as such, is a proper sentence. Appellant nonetheless presents an extensive argument urging that his conduct, which *Page 4 
was not shown to have directly caused Windborn's death, was not more serious than conduct normally constituting the underlying offense (R.C.2929.12(B)), that he showed remorse as a factor pertaining to unlikeness of recidivism (R.C. 2929.12(D)), and that the maximum sentence was not reasonably calculated to achieve the overriding purposes of felony sentencing (R.C. 2929.11(B)). Nonetheless, upon review, we are unpersuaded that the trial court failed to properly consider the general sentencing guidance factors, and we hold the trial court's maximum sentence in this matter is not unreasonable, arbitrary or unconscionable.
 {¶ 9} Appellant's sole Assignment of Error is overruled.
 {¶ 10} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
 Wise, J. Hoffman, P. J. and Delaney, J. concur *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs assessed to appellant.
[1] See State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856. *Page 1