OPINION *Page 2 
{¶ 1} Appellant Joshua Blevins appeals his sentence in the Delaware County Court of Common Pleas following his conviction for tampering with evidence.
 {¶ 2} On December 1, 2006, the Delaware County Grand Jury returned a one count indictment against the Appellant Joshua Blevins charging him with tampering with evidence in violation of R.C. 2921.12 (A)(1), a felony of the third degree.
 {¶ 3} It is undisputed that on the evening of November 18, 2006, appellant and another man, Benjamin Vanbuskirk, moved the person of Steven Winbourne, who was severely injured and unconscious, from a location inside a building in the City of Delaware to a sidewalk outside. The two men then left the scene without contacting emergency services. Mr. Winbourne later died from his injuries.
 {¶ 4} Appellant initially pled not guilty, but he entered a guilty plea to the indictment on May 8, 2007.
 {¶ 5} A sentencing hearing was then held on June 11, 2007 wherein the Defendant was then sentenced to a maximum penalty of five (5) years imprisonment for the offense.
 {¶ 6} Appellant appeals raising a single Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT UNLAWFULLY SENTENCED THE APPELLANT TO THE MAXIMUM SENTENCE PROVIDED FOR FELONIES OF THE THIRD DEGREE."
 I. {¶ 8} In his sole assignment of error, appellant challenges the trial court's imposition of a maximum sentence on his tampering with evidence conviction. This *Page 3 
Court has already addressed this issue on the same set of facts in the appeal of appellant's co-defendant.[1]
 {¶ 9} Appellant in the case sub judice was sentenced in the post-Foster era. See State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856. In State v. Firouzmandi, Licking App. No. 2006-CA-41,2006-Ohio-5823, we recognized that the Foster Court's removal of R.C.2953.08(G)(2) from the statutory sentencing scheme eliminated the clear and convincing standard and left a void concerning the applicable standard of review in sentencing matters. Id. at ¶ 37, citing State v.Windham, Wayne App. No. 05CA0033, 2006-Ohio-1544 at ¶ 11. Therefore, the rule in the post-Foster era is to review felony sentences under an abuse of discretion standard. See State v. Pressley, Muskingum App. No. CT2006-0033, 2007-Ohio-2171, ¶ 17, citing State v. Coleman, Lorain App. No. 06CA008877, 2006-Ohio-6329. An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." SeeState v. Adams (1980) 62 Ohio St.2d. 151, 157. Furthermore, judicial fact-finding is no longer required before a court imposes maximum prison terms. State v. Mooney, Stark App. No. 2005-CA-00304, 2006-Ohio-6014, ¶ 58, citing State v. Mathis, 109 Ohio St.3d 54, 846 N.E.2d 1,2006-Ohio-855. But trial courts are still required to "consider" the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12 in their sentencing decisions. See State v. Diaz, Lorain App. No. 05CA008795, 2006-Ohio-3282, ¶ 8.
 {¶ 10} In the case sub judice, appellant was convicted of tampering with evidence, a felony of the third degree. The sentencing range for a third degree felony is one, two, three, four, or five years. See R.C.2929.14(A)(3). The trial court's imposition *Page 4 
of five years is within the statutory sentencing range, and as such, is a proper sentence. Appellant contends that his conduct, which was not shown to have directly caused Winbourne's death, was not more serious than conduct normally constituting the underlying offense (R.C.2929.12(B)), that he showed remorse as a factor pertaining to unlikeness of recidivism (R.C. 2929.12(D)), and that the maximum sentence was not reasonably calculated to achieve the overriding purposes of felony sentencing (R.C. 2929.11(B)). Further, he argues he is only 26 years of age and has no prior felony convictions. Upon review, we are unpersuaded that the trial court failed to properly consider the general sentencing guidance factors, and we hold the trial court's maximum sentence in this matter is not unreasonable, arbitrary or unconscionable.
 {¶ 11} Appellant's sole Assignment of Error is overruled.
 {¶ 12} For the reasons stated in the foregoing opinion, the judgment of the Delaware County Court of Common affirmed.
 Delaney, J. Hoffman, P.J. and Farmer, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] State v. Vanbuskirk, Fifth App. No. 07CAA040020,2007-Ohio-6757. *Page 1