OPINION *Page 2 
{¶ 1} Appellant William M. Kiser appeals his felony sentence imposed by the Court of Common Pleas, Ashland County, Ohio.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The relevant facts of this case are as follows:
 {¶ 4} On December 14, 2006, Appellant invited some friends to his residence to drink. One of Appellant's friends, Gerald Sikorski lived upstairs and eventually joined the people in the basement. An argument broke out between Appellant and Sikorski over Appellant's bottle of gin. The argument turned into a fight in which Appellant struck Sikorski. The investigation indicated that the strike caused Sikorski to fall and hit his head on the concrete floor. Appellant was then pulled off Sikorski. After the fight, Sikorski went upstairs to his residence. He was later taken to the hospital where it was determined that he had a serious head injury. He died the next day.
 {¶ 5} On December 22, 2007, the Ashland County Grand Jury indicted Appellant with one count of Involuntary Manslaughter, and Felony of the Third Degree, and one count of Assault, a misdemeanor of the First Degree.
 {¶ 6} The investigation showed that Appellant had numerous prior convictions, upwards of thirty with most being alcohol related. He had failed previous attempts for alcohol and drug abuse treatment.
 {¶ 7} Appellant entered a plea of guilty to the involuntary manslaughter charge, and the State dropped the misdemeanor assault charge. The Court of Common Pleas sentenced Appellant to a five-year prison term. *Page 3 
 {¶ 8} Appellant now appeals this sentence. He herein raises the following sole Assignment of Error:
 ASSIGNMENT OF ERROR {¶ 9} "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES."
 I. {¶ 10} In his sole Assignment of Error, Appellant argues that his sentence constitutes an unnecessary burden on state resources. We disagree.
 {¶ 11} R.C. § 2929.13(A) states as follows: "Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources."
 {¶ 12} In State v. Ferenbaugh (February 26, 2004), Ashland App. No. 03COA038, 2004-Ohio-977, we noted that R.C. § 2929.13(A) does not provide any guidelines to define an "unnecessary burden."
 {¶ 13} In State v. Foster (2006), 109 Ohio St.3d 1, the Ohio Supreme Court held trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences. See State v. Pressley, *Page 4 
Muskingum App. No. CT2006-0033, 2007-Ohio-2171, ¶ 17, citing State v.Coleman, Lorain App. No. 06CA008877, 2006-Ohio-6329.
 {¶ 14} An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 15} In State v. Mathis 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court held:
 {¶ 16} "As we have held in Foster, however, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Now that such findings are no longer mandated, on resentencing, the trial court will have discretion to sentence within the applicable range, following R.C. 2929.19 procedures."
 {¶ 17} " * * *
 {¶ 18} "Although after Foster the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."
 {¶ 19} R.C. § 2929.12 provides: *Page 5 
 {¶ 20} "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 {¶ 21} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 {¶ 22} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 23} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 24} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 {¶ 25} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice. *Page 6 
 {¶ 26} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 {¶ 27} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 28} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 {¶ 29} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 {¶ 30} "(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 {¶ 31} "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 32} "(1) The victim induced or facilitated the offense.
 {¶ 33} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 34} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property. *Page 7 
 {¶ 35} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 {¶ 36} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 37} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141
of the Revised Code.
 {¶ 38} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
 {¶ 39} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 40} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has *Page 8 
demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 41} "(5) The offender shows no genuine remorse for the offense.
 {¶ 42} "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 {¶ 43} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 44} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 {¶ 45} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 46} "(4) The offense was committed under circumstances not likely to recur.
 {¶ 47} "(5) The offender shows genuine remorse for the offense."
 {¶ 48} Revised Code Section 2929.13(A), cited by Appellant states:
 {¶ 49} "(A) Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections2929.14 to 2929.18 of the Revised Code. The sentence shall not impose anunnecessary burden on state or local government resources." (emphasis added).
 {¶ 50} As stated above, the record in the case sub judice reveals that Appellant's criminal history included approximately thirty-three (33) prior convictions. Many of those *Page 9 
convictions were alcohol-related. Additionally, Appellant was previously convicted of a felony and was sentenced to prison. Appellant also had a history of failed attempts at rehabilitation.
 {¶ 51} Upon review of the record, we find that the trial court properly considered the statutory factors in sentencing Appellant, and the prison term imposed was not unreasonable, arbitrary or unconscionable. Considering Appellant's prior convictions, including a prior felony, we do not find the sentence imposed an unnecessary burden on state or local government resources.
 {¶ 52} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 53} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
 Wise, J. Farmer, P. J., and Delaney, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1