OPINION *Page 2 
{¶ 1} Defendant-Appellant, James H. Nichols, appeals his felony sentence following his conviction in the Licking County Court of Common Pleas. Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} Between December 19, 2006 and January 3, 2007, Appellant accepted checks from his co-defendants, David A. Jenkins and Misty Jones-Tolles, which Appellant knew to be bad checks and cashed the same. The checks were made payable to Appellant, signed by a co-defendant, and then endorsed and cashed by Appellant. Appellant cashed the checks at various branches of the Park National Bank located in Licking County. He then would return a portion of the proceeds to David Joseph. Appellant cashed five checks totaling $2,098.52.
 {¶ 3} On June 8, 2007, the Licking County Grand Jury indicted Appellant on one count of Felony Theft in violation of R.C. 2913.02(A)(2) and/or (A)(3), a felony of the fifth degree.
 {¶ 4} Appellant entered a no contest plea to the charge against him. The trial court accepted Appellant's plea and found Appellant guilty. The trial court sentenced Appellant to a prison term of nine months. (Judgment Entry, Aug. 22, 2007). The trial court further sentenced Appellant to a term of two-years of post release control time remaining for a total sentence of two-years and nine months, because it found Appellant was in violation of his post release control with a new felony offense. (Judgment Entry, Aug. 22, 2007).
 {¶ 5} It is from this judgment entry Appellant now appeals. Appellant raises one Assignment of Error: *Page 3 
 {¶ 6} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN INCARCERATING APPELLANT JAMES NICHOLS (NICHOLS)."
 I. {¶ 7} Appellant argues the trial court erred when it imposed a term of imprisonment on Appellant because the mitigating factors outweighed the need for incarceration. We disagree.
 {¶ 8} In determining whether the trial court erred in sentencing Appellant, we note that Appellant was sentenced in the post-Foster era. See State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856. In State v. Firouzmandi, Licking App. No. 2006-CA-41,2006-Ohio-5823, we recognized that the Foster court's removal of R.C. 2953.08(G)(2) from the statutory sentencing scheme eliminated the clear and convincing standard and left a void concerning the applicable standard of review in sentencing matters. Id. at ¶ 37, citing State v.Windham, Wayne App. No. 05CA0033, 2006-Ohio-1544 at ¶ 11. Therefore, felony-sentencing decisions made in the post-Foster era are to be reviewed under an abuse of discretion standard. See State v.Pressley, Muskingum App. No. CT2006-0033, 2007-Ohio-2171, ¶ 17, citingState v. Coleman, Lorain App. No. 06CA008877, 2006-Ohio-6329. An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." See State v. Adams (1980) 62 Ohio St.2d. 151, 157. However, trial courts are still required to "consider" the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12 in their sentencing decisions. See State v. Diaz, Lorain App. No. 05CA008795,2006-Ohio-3282, ¶ 8.
 {¶ 9} Appellant argues the trial court abused its discretion when it sentenced Appellant to nine months in prison. He states that what he needs is drug and alcohol *Page 4 
treatment, not more prison time. The motivating factor for his participation in the check-cashing scheme was his addiction to drugs and alcohol. Appellant notes that no person was physically injured during the commission of the crime and that he cooperated with the police during the investigation. He also faces sanctions from the Adult Parole Authority.
 {¶ 10} We first find the trial court considered the factors under R.C. 2929.11 and R.C. 2929.12. The trial court stated on the record that it considered the purposes and principles of sentencing set out under R.C. 2929.11 and R.C. 2929.12. It went on to state that the "ring leader" of the check-cashing scheme was Appellant's nephew; that Appellant resided in Scioto County but came to Licking County to participate; that among the participants in the illegal activity, Appellant had the most prior convictions; and finally, that Appellant was just released from prison on October 2, 2006.
 {¶ 11} The sentencing entry issued by the trial court reflects that the trial court considered the factors under R.C. 2929.12 and2929.13(B). (Judgment Entry, Aug. 22, 2007). It found that prison was consistent with the purposes of R.C. 2929.11 and that Appellant was not amenable to community control sanctions. Id. This is sufficient evidence to find the trial court considered the seriousness and recidivism factors of R.C. 2929.12. State v. Woods, Richland App. No. 05 CA 46,2006-Ohio-1342, ¶ 19.
 {¶ 12} We further find the trial court was within its authority to impose a prison term rather than a community control sanction for a felony of the fifth degree, pursuant to Foster. In Foster, the Ohio Supreme Court held that R.C. 2929.13(B)(2)(a) "permit[s] a judge to impose prison rather than community control without R.C. 2929.13(B) findings." Supra, at ¶ 70. "If no findings are made under R.C. 2929.13(B)(1)(a) through (i), the court must find that a community-control sanction meets the principles of *Page 5 
sentencing under R.C. 2929.11 before it must impose community control. Thus, a judge who does not make one of the (B)(1) findings and does not find that community control is a sufficient sanction could still impose a prison term." Foster, at ¶ 69; State v. Sharp, Franklin App. No. 05AP-809, 2006-Ohio-3448.
 {¶ 13} In the present case, the trial court did not find that community control was a sufficient sanction. Based upon the above-stated record, we find the trial court did not abuse its discretion in sentencing Appellant under the guidelines of R.C. 2929.11 and 2929.12.
 {¶ 14} Appellant's Assignment of Error is overruled.
 {¶ 15} The judgment of the Licking County Court of Common Pleas is affirmed.
 Delaney, J. Farmer, P.J. and Wise, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1