OPINION *Page 2 
{¶ 1} Defendant-Appellant was indicted on one count of Failure to Periodically Register, a felony of the fifth third, in violation of R.C. 2950.06(F), one count of Failure to Notify of Address Change, in violation of R.C. 2950.05(E)(1), a felony of the third degree, and one count of Felony Non-Support, in violation of R.C. 2919.21, a felony of the fifth degree.
 {¶ 2} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to Anders v. California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth proposed Assignments of Error. Appellant did not file a pro se brief alleging any additional Assignments of Error. Appellee did not file a brief.
 I. {¶ 3} "THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES UPON DEFENDANT-APPELLANT.
 II. {¶ 4} "THE DEFENDANT'S GUILTY PLEAS WERE NOT FREELY, VOLUNTARILY AND UNDERSTANDIBLY ENTERED."
 {¶ 5} In Anders, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time *Page 3 
to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 6} Counsel in this matter has followed the procedure in Anders v.California (1967), 386 U.S. 738, we find the appeal to be wholly frivolous and grant counsel's motion to withdraw.
 I. {¶ 7} In his first potential Assignment of Error, Appellant argues the trial court improperly imposed consecutive sentences.
 {¶ 8} The rule in the post-Foster era is to review felony sentences under an abuse of discretion standard. See, State v. Pressley, Muskingum App. No. CT2006-0033, 2007-Ohio-2171, ¶ 17, citing State v.Coleman, Lorain App. No. 06CA008877, 2006-Ohio-6329. An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." See, State v. Adams (1980), 62 Ohio St.2d. 151, 157. Furthermore, judicial fact-finding is no longer required before a court imposes maximum prison terms. State v. Mooney, Stark App. No. 2005CA00304, 2006-Ohio6014, ¶ 58, citing State v. Mathis, 109 Ohio St.3d 54,846 N.E.2d 1, 2006-Ohio-855. But trial courts are still required to "consider" the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12 in their sentencing decisions. See, State v. Diaz, Lorain App. No. 05CA008795, 2006-Ohio-3282, ¶ 8. State v. Burrows,2008 WL 2572695, 2 (Ohio *Page 4 
App. 5 Dist.). The Foster decision explicitly vests power with the trial court to impose consecutive sentences. "[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences."State v. Foster, 109 Ohio St.3d at 30.
 {¶ 9} In the case at bar, Appellant pled guilty to two felonies of the third degree which were punishable by one to three years in prison, and one felony of the fifth degree which is punishable by six to twelve months in prison. R.C. 2929.14(A). The trial court merged the sentences on the felonies of the third degree, but ran the sentences for the third degree felony consecutive to the sentence for the felony of the fifth degree. The trial court's imposition of one year in prison concurrently on each third degree felony and six months in prison on the fifth degree felony resulted in sentences which were within the statutory sentencing range and, as such, is a proper sentence. Upon review, we find the trial court properly considered the general sentencing guidance factors, and we hold the trial court's consecutive sentences in this matter are not unreasonable, arbitrary or unconscionable.
 {¶ 10} Appellant's first Assignment of Error is overruled.
 II. {¶ 11} In Appellant's second potential Assignment of Error, he suggests his guilty pleas were not entered knowingly, intelligently, and voluntarily.
 {¶ 12} Crim. R. 11 sets forth the procedure which a trial court must follow in accepting a guilty plea. Crim. R. 11(C)(2) states, in pertinent part, as follows: *Page 5 
 {¶ 13} "In felony cases, the court may refuse to accept a plea of guilty * * * and shall not accept such plea without first addressing the defendant personally, and;
 {¶ 14} "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 {¶ 15} "(b) Informing him of and determining that he understands the effect of his plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 16} "(c) Informing him and determining that he understands that, by his plea, he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the State to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
 {¶ 17} If the record indicates that the trial court substantially complied with the above requirements of Crim. R. 11, the plea will not be set aside. State v. Ballard (1981),66 Ohio St.2d 473, 423 N.E.2d 115. We have reviewed the colloquy between the trial court and Appellant at the change of plea hearing. The trial court properly addressed Appellant and advised him of his constitutional rights and the maximum penalty involved. Appellant stated under oath he completed two years of college and understood his rights. He also stated he had discussed his rights, as well as the particulars of his case with his attorney. The record demonstrates the plea was entered knowingly, intelligently, and voluntarily.
 {¶ 18} Appellant's second Assignment of Error is overruled.
 {¶ 19} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant *Page 6 
counsel's request to withdraw, and affirm the judgment of the Licking County Court of Common Pleas.
 {¶ 20} Counsel's Motion to Withdraw is granted. The judgment of the Licking County Court of Common Pleas is affirmed.
Delaney, J. Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed.
Attorney Christopher M. Shook's motion to withdraw as counsel for Appellant is hereby granted.
 COSTS TAXED TO APPELLANT. *Page 1