OPINION *Page 2 
{¶ 1} Defendant-appellant Brian K. Grubb appeals his sentence in the Delaware County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On March 4, 2006, Appellant was involved in an automobile accident while a passenger in a car stolen by Eric Treadway.
 {¶ 3} On April 20, 2006, the Delaware County Grand Jury indicted Appellant on one count of receiving stolen property, in violation of R.C. 2913.51(A); one count of theft, in violation of R.C. 2913.02(A)(1); and one count of failure to comply, in violation of R.C. 2921.331(B).
 {¶ 4} On May 15, 2007, Appellant entered a plea of no contest to the receiving stolen property count, a fourth degree felony. The State dismissed counts two and three pursuant to the plea agreement. The trial court accepted the plea, finding Appellant guilty of the offense of receiving stolen property.
 {¶ 5} On July 19, 2007, the trial court sentenced Appellant to community control sanctions, and further ordered a violation of the sentence would result in a prison term of eighteen months.
 {¶ 6} On August 9, 2007, the State filed a motion alleging Appellant violated the terms of his community control. Via Judgment Entry of November 19, 2007, the trial court found Appellant guilty of the violation, revoked Appellant's community control sanction and imposed the eighteen-month prison term.
 {¶ 7} Appellant now appeals, assigning as sole error: *Page 3 
 {¶ 8} "I. THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO THE MAXIMUM PRISON TERM."
 {¶ 9} Following the Supreme Court's decision in State v. Foster109 Ohio St.3d 1, 2006-Ohio-856, felony sentences are reviewed under an abuse of discretion standard. See State v. Pressley, Muskingum App. No. CT2006-0033, 2007-Ohio-2171, ¶ 17; State v. Firouzmandi 2006-Ohio-5823. An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." See State v. Adams (1980) 62 Ohio St.2d. 151, 157. Furthermore, judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms. State v.Mooney, Stark App . No. 2005-CA-00304, 2006-Ohio-6014, ¶ 58, citingState v. Mathis, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855. Trial courts are still required to "consider" the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12 in their sentencing decisions. See State v. Diaz, Lorain App. No. 05CA008795,2006-Ohio-3282, ¶ 8. However, trial courts are not required to state their reasons for sentencing. Id.
 {¶ 10} In the case sub judice, appellant pled no contest to one count of receiving stolen property, in violation of R.C. 2913.51:
 {¶ 11} "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
 {¶ 12} "(B) It is not a defense to a charge of receiving stolen property in violation of this section that the property was obtained by means other than through the commission of a theft offense if the property was explicitly represented to the accused person as being obtained through the commission of a theft offense. *Page 4 
 {¶ 13} "(C) Whoever violates this section is guilty of receiving stolen property. Except as otherwise provided in this division, receiving stolen property is a misdemeanor of the first degree. If the value of the property involved is five hundred dollars or more and is less than five thousand dollars, if the property involved is any of the property listed in section 2913.71 of the Revised Code, receiving stolen property is a felony of the fifth degree. If the property involved is amotor vehicle, as defined in section 4501.01 of the Revised Code, if theproperty involved is a dangerous drug, as defined in section 4729.01 ofthe Revised Code, if the value of the property involved is five thousanddollars or more and is less than one hundred thousand dollars, or if theproperty involved is a firearm or dangerous ordnance, as defined insection 2923.11 of the Revised Code, receiving stolen property is afelony of the fourth degree. If the value of the property involved is one hundred thousand dollars or more, receiving stolen property is a felony of the third degree." (Emphasis added.)
 {¶ 14} Upon review of the record, the sentence imposed was in accordance with the Ohio Supreme Court holding in Foster and Ohio's sentencing statutes. The trial court had full discretion in sentencing Appellant within the statutory range, and the sentence imposed fell within the statutory range for the offense. The trial court conducted a pre-sentence investigation, and initially imposed a community control sanction the terms of which Appellant violated. Appellant literally held the keys to prison based upon his compliance with the imposed community control sanction. The trial court did not originally sentence Appellant to prison. Rather, in a sense, Appellant sent himself to prison as a result of his violation of the community control sanction. *Page 5 
 {¶ 15} Accordingly, the trial court did not abuse its discretion in sentencing Appellant.
 {¶ 16} The sole assignment of error is overruled, and the November 19, 2007 Judgment Entry of the Delaware County Court of Common Pleas is affirmed.
 Hoffman, P.J., Gwin, J. and Wise, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the November 19, 2007 Judgment Entry of the Delaware County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1