OPINION
{¶ 1} On February 26, 2003, the Ashland County Grand Jury indicted appellant, Dane Ferenbaugh, on two counts of forgery in violation of R.C. 2913.31, both felonies of the fifth degree. On May 22, 2003, appellant pled guilty to one count; the remaining count was dismissed. By judgment entry filed July 14, 2003, the trial court sentenced appellant to twelve months in prison.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 3} "The imposition of a prison sentence in this case imposes an unnecessary burden on state resources."
 I {¶ 4} Appellant claims his sentence of twelve months for forgery in the fifth degree places an "unnecessary burden on state or local government resources" in contravention of R.C.2929.13(A). Specifically, appellant claims the cost of imprisoning him "is an unnecessary burden given the facts of this case." Appellant's Brief at 7. We disagree.
 {¶ 5} R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states as follows in pertinent part:
 {¶ 6} "Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources."
 {¶ 7} The very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guideline for what an "unnecessary burden" is.
 {¶ 8} The record sub judice is devoid of any evidence to support the claim of an "unnecessary burden on state or local government resources." In fact, the record indicates appellant's past probation violations have placed a burden on local government resources. T. at 4-5. This supports the argument in favor of a prison sentence. Having failed twice on local supervision resulting in probation violation hearings, resentencing and jail time, we find the lease impact on local and state government resources in this case would be imprisonment.
 {¶ 9} The sole assignment of error is denied.
 {¶ 10} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J., and Boggins, J., concur.