OPINION
{¶ 1} On April 29, 2004, appellant, Jason Howard, pled guilty to one count of aggravated robbery in violation of R.C. 2911.01. A sentencing hearing was held on June 7, 2004. By judgment entry filed same date, the trial court sentenced appellant to nine years in prison.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 3} "The imposition of a prison sentence in this case imposes an unnecessary burden on state resources."
 I {¶ 4} Appellant claims his sentence of nine years for aggravated robbery in the first degree imposes an unnecessary burden on state resources in contravention of R.C. 2929.13(A). We disagree.
 {¶ 5} R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states as follows in pertinent part:
 {¶ 6} "Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18
of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources."
 {¶ 7} As we noted in State v. Ferenbaugh (February 26, 2004), Ashland App. No. 03COA038, 2004-Ohio-977, "[t]he very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guideline for what an `unnecessary burden' is."
 {¶ 8} Appellant argues he has never been convicted of a felony, and he needs substance abuse treatment. The aggravated robbery did not cause the victims to suffer physical harm. Therefore, a sentence which is six years longer than the minimum imposes an unnecessary burden on state resources.
 {¶ 9} The record indicates appellant has an extensive juvenile record. T. at 6. He violated the terms of his juvenile probation for breaking and entering on at least two occasions. Id. He continues to commit offenses as an adult. Id. Because appellant has "failed to respond favorably in the past to the sanctions imposed for those criminal convictions," he clearly places a burden on government resources. T. at 7. Based upon these facts, we find the least impact on local and state government resources in this case would be imprisonment.
 {¶ 10} Upon review, we find no evidence to indicate the sentence sub judice is an unnecessary burden on state resources.
 {¶ 11} The sole assignment of error is denied.
 {¶ 12} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.
Farmer, J. and Boggins, P.J. concur.
Edwards, J. concurs separately.