OPINION
{¶ 1} Appellant James Douglas appeals the trial court's imposition of a jail sentence in this matter on the basis that it is an unnecessary burden on government resources. The following facts give rise to this appeal.
 {¶ 2} On August 30, 2004, appellant entered a guilty plea to one count of gross sexual imposition. The trial court ordered a pre-sentence investigation and deferred sentencing. On October 4, 2004, the trial court conducted appellant's sentencing hearing. The trial court reviewed the pre-sentence investigation report and noted appellant's previous misdemeanor convictions and his history of mental health and substance abuse problems. Thereafter, the trial court sentenced appellant to a term of sixteen-months incarceration.
 {¶ 3} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 4} "I. The imposition of a prison sentence in this case imposes an unnecessary burden on state resources."
 I {¶ 5} In his sole assignment of error, appellant claims the imposition of the sixteen-month prison sentence was an unnecessary burden on state resources. We disagree.
 {¶ 6} This court recently addressed the argument set forth by appellant in State v. Ferenbaugh, Ashland App. No. 03COA038, 2004-Ohio-977. In Ferenbaugh, we held as follows:
 {¶ 7} "R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states as follows, in pertinent part:
 {¶ 8} "`Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in section 2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources.'"
 {¶ 9} "The very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guidelines for what an `unnecessary burden' is."
 {¶ 10} "The record sub judice is devoid of any evidence to support the claim of an `unnecessary burden on the state or local government resources.' In fact, the record indicates appellant's past probation violations have placed a burden on local government resources. * * * This supports the argument in favor of a prison sentence. * * *" Id. at ¶ 5- ¶ 8.
 {¶ 11} In the case sub judice, as in the Ferenbaugh case, we find the trial court's imposition of a jail term appropriate in this matter and not an unnecessary burden on state or local resources. Appellant has prior misdemeanor convictions and continues to offend as an adult. Further, appellant has not set forth any evidence to support his argument that his sentence is an unnecessary burden on government resources.
 {¶ 12} Appellant's sole assignment of error is overruled.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
Wise, J., Boggins, P.J., and Gwin, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
Costs assessed to Appellant.