OPINION
{¶ 1} Defendant-appellant Brian S. Sweet appeals the sentence entered by the Ashland County Court of Common Pleas following his plea of guilty to one count of rape, a felony of the first degree, and one count of gross sexual imposition, a felony of the third degree. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND LAW {¶ 2} On or about August 26, 2005 a Bill of Information was filed against the appellant on one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and one count of gross sexual imposition in violation of R.C.2907.05(A)(4), a felony of the third degree. On or about August 31, 2005 appellant pleaded guilty to these charges. On or about October 24, 2005 the trial court conducted a sentencing hearing, at which time it sentenced the appellant to the maximum of ten (10) years on the rape count, and the maximum of three (3) years on the gross sexual imposition count, to be served consecutively, for a total aggregate term of thirteen (13) years in prison.
 {¶ 3} On November 18, 2005 the appellant filed an appeal, in which he set forth the following assignment of error:
 {¶ 4} "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE WAS UNCONSTITUTIONAL AS IT WAS BASED ON AN UNCONSTITUTIONAL STATUTE."
 {¶ 5} Appellant, in his sole assignment of error, argues that the trial court's imposition of the maximum allowable sentences was unconstitutional, as it was based on a statute that has been found unconstitutional. We agree.
 {¶ 6} Subsequent to the October 24, 2005 sentencing hearing and subsequent judgment entry of the trial court, the Ohio Supreme Court announced its decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, in which the Court reviewed Ohio's sentencing laws in light of Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2538, Apprendi v.New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, and Ring v.Arizona (2002), 536 U.S. 584, 122 S.Ct. 2428. The Foster Court held:
 {¶ 7} "The following sections, because they either create presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption, have no meaning now that judicial findings are unconstitutional: R.C. 2929.14(B),2929.19(B)(2), and 2929.41. These sections are severed and excised in their entirety, as is R.C. 2929.14(C), which requires judicial fact-finding for maximum prison terms, and 2929.14(E)(4), which requires judicial findings for consecutive terms. R.C. 2953.08(G), which refers to review of statutory findings for consecutive sentences in the appellate record, no longer applies. We also excise R.C. 2929.14(D)(2)(b) and (D)(3)(b), which require findings for repeat violent offenders and major drug offenders." Id. at ¶ 97.
 {¶ 8} The Court determined further that sentences based upon unconstitutional statutes are void, and the appropriate disposition is to vacate the sentence and remand the matter to the trial court for a new sentencing hearing. Id. at ¶ 103.
 {¶ 9} Appellant's assignment of error is, therefore, sustained.
 {¶ 10} Appellant's sentence is ordered vacated, and the case remanded to the trial court for re-sentencing in accordance withFoster, supra.
By: Edwards, J. Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is vacated as to sentencing, and remanded to the trial court for resentencing. Costs assessed to appellee.