OPINION
{¶ 1} On February 24, 2006, the Ashland County Grand Jury indicted appellant, Justin Armstead, on two counts of assault in violation of R.C. 2903.13, and one count of harassment by an inmate in violation of R.C. 2921.38. Said charges arose from an incident wherein appellant shoved Principal James Lucas and scuffled with corrections officers while appellant was an inmate at the Mohican Juvenile Correctional Facility.
 {¶ 2} Appellant pled guilty to one count of assault and one count of attempt (harassment by an inmate). A sentencing hearing was held on October 6, 2006. By judgment entry filed October 25, 2006, the trial court sentenced appellant to an aggregate term of six months in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES."
 I {¶ 5} Appellant claims his sentence of six months imposes an unnecessary burden on state resources in contravention of R.C.2929.13(A). We disagree.
 {¶ 6} R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states as follows in pertinent part:
 {¶ 7} "Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any *Page 3 
sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources."
 {¶ 8} As we noted in State v. Ferenbaugh (February 26, 2004), Ashland App. No. 03COA038, 2004-Ohio-977, "[t]he very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guideline for what an `unnecessary burden' is."
 {¶ 9} Appellant argues he was nineteen at the time of sentencing, and this was his first adult offense; therefore, a six month aggregate sentence on a fifth degree felony and a first degree misdemeanor imposes an unnecessary burden on state resources.
 {¶ 10} The record indicates appellant has an extensive juvenile record. T. at 5, 11. He was an inmate at the Mohican Juvenile Corrections Facility at the time of the incident sub judice. Appellant scuffled with a staff member and corrections officers. Id. at 10. Appellant has had seventeen behavorial incidents while in the Department of Youth Services, with eleven incidents "either assaultive or attempted assaultive behavior." Id. at 11. Because appellant has failed to respond favorably in the past to sanctions imposed for criminal behavior, he clearly places a burden on government resources. Based upon these facts, we find the least impact on local and state government resources in this case would be imprisonment.
 {¶ 11} Upon review, we find no evidence to indicate the sentence in this case is an unnecessary burden on state resources.
 {¶ 12} The sole assignment of error is denied. *Page 4 
 {¶ 13} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.
 Farmer P.J., Wise, J., and Delaney, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed. *Page 1