OPINION *Page 2 
{¶ 1} Defendant-appellant Larry Thompson appeals his sentence from the Ashland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On the night of April 12, 2006, appellant entered a laundry and tanning business armed with a knife and ordered two female store clerks to go into a back closet. Appellant then ordered them to kneel on the floor and to remove their shirts. After tying their hands behind their backs, appellant began smoking crack cocaine in front of them and then took money out of a cash register and left.
 {¶ 3} Thereafter, on April 28, 2006, a Bill of Information was filed alleging that appellant committed one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, one count of abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree, and one count of possessing criminal tools in violation of R.C.2923.24(A), a felony of the fifth degree.
 {¶ 4} On May 1, 2006, appellant entered a plea of guilty to the above charges. As memorialized in a Judgment Entry filed on June 23, 2006, the trial court sentenced appellant to a term of ten years (10) on the count of aggravated robbery, to five years (5) on the abduction charge and to one year (1) on the charge of possessing criminal tools. The trial court, in its entry, ordered that the sentences were to be served consecutively, for an aggregate prison sentence of sixteen years (16).
 {¶ 5} Appellant now raises the following assignment of error on appeal:
 {¶ 6} "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES." *Page 3 
 I {¶ 7} Appellant, in his sole assignment of error, argues that the imposition of a prison sentence in this case was an unnecessary burden on state resources. We disagree.
 {¶ 8} This Court addressed the argument set forth by appellant inState v. Ferenbaugh, Ashland App. No. 03COA038, 2004-Ohio-977. InFerenbaugh, we held as follows:
 {¶ 9} "R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states as follows, in pertinent part: `Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in section2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources.'
 {¶ 10} "The very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guidelines for what an `unnecessary burden' is.
 {¶ 11} "The record sub judice is devoid of any evidence to support the claim of an `unnecessary burden on the state or local government resources.' In fact, the record indicates appellant's past probation violations have placed a burden on local government resources. * * * This supports the argument in favor of a prison sentence. *Page 4 
* * *" Id. at ¶ 5-¶ 8. See also State v. Douglas, Ashland App. No. 04 CA 76, 2005-Ohio-3920.
 {¶ 12} In the case sub judice, as in the Ferenbaugh case, we find the trial court's imposition of a jail term was appropriate in this matter and was not an unnecessary burden on state or local resources. The record reveals that appellant has an extensive criminal history dating as far back as 1980. As a juvenile, appellant was found to have committed complicity to breaking and entering, receiving stolen property, tampering with coin machines, criminal trespass and breaking and entering. As an adult, appellant was convicted of offenses including burglary, having weapons while under disability, aggravated robbery with a gun specification, and robbery. One of the robbery offenses was committed shortly after appellant was paroled. As noted by appellee, appellant has a continued pattern of violent criminal behavior and has failed to rehabilitate himself. Based on the foregoing, we find that imprisonment does not impose an unnecessary burden on state resources. *Page 5 
 {¶ 13} Appellant's sole assignment of error is, therefore, overruled.{¶ 14} Accordingly, the judgment of the Ashland County Court of Common Pleas is affirmed.
Edwards, J. Gwin, P.J. and Hoffman, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1