OPINION *Page 2 
{¶ 1} Defendant-Appellant Brian S. Sweet appeals the December 22, 2006 Judgment Entry-Re-sentencing entered by the Ashland County Court of Common Pleas, which re-sentenced Appellant following this Court's vacation and remand of his prior sentence based upon State v.Foster, 109 Ohio St.3d1, 2006-Ohio-856. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On July 6, 2005, a Complaint was filed against Appellant, charging him with two counts of rape, in violation of R.C.2907.02(A)(1)(b), felonies of the first degree. Subsequently, on August 26, 2005, the Ashland County Prosecutor filed a Bill of Information, charging Appellant with one count of rape, in violation of R.C.2907.02(A)(1)(b), a felony of the first degree; and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree.
 {¶ 3} Appellant appeared before the trial court on August 29, 2005, and entered a plea of guilty to the charges. After conducting a Crim. R.11 colloquy with Appellant, the trial court found Appellant was voluntarily waiving his rights and entering the plea. The trial court accepted the plea and found Appellant guilty. The trial court ordered a presentence investigation. Following receipt of the report, the trial conducted a sentencing hearing on October 24, 2005. The trial court imposed a ten year term of imprisonment on the rape count and a three year term of imprisonment on the gross sexual imposition count. The trial court ordered the sentences be served consecutively *Page 3 
for a total aggregate term of thirteen years. Appellant filed a timely Notice of Appeal to this Court, arguing the trial court's imposition of the maximum allowable sentence was unconstitutional as such sentence was based upon a statute which has been found unconstitutional. This Court agreed, and vacated the sentence and remanded the matter to the trial court for a new sentencing hearing. State v. Sweet, Ashland App. 05COA056, 2006-Ohio-5976.
 {¶ 4} Upon remand, the trial court conducted a re-sentencing hearing on December 11, 2006. The trial court imposed a term of imprisonment of ten years on the rape count, a term of imprisonment of three years on the gross sexual imposition count, and ordered the terms be served consecutively for a total aggregate term of incarceration of thirteen years. The trial court memorialized its sentence via Judgment Entry filed December 22, 2006.
 {¶ 5} It is from this judgment entry Appellant appeals, raising as his sole assignment of error:
 {¶ 6} "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES."
 I {¶ 7} Appellant, in his sole assignment of error, argues the imposition of a prison sentence in this case creates an unnecessary burden on state resources. We disagree.
 {¶ 8} This Court has addressed the identical argument in State v.Ferenbaugh, Ashland App. No. 03COA038, 2004-Ohio-977. InFerenbaugh, we held: *Page 4 
 {¶ 9} "R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states as follows, in pertinent part: `Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in section2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources.'
 {¶ 10} "The very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guidelines for what an `unnecessary burden' is.
 {¶ 11} "The record sub judice is devoid of any evidence to support the claim of an `unnecessary burden on the state or local government resources.' In fact, the record indicates appellant's past probation violations have placed a burden on local government resources. * * * This supports the argument in favor of a prison sentence. * * *" Id. at 5-8. See also State v. Douglas, Ashland App. No. 04 CA 76,2005-Ohio-3920.
 {¶ 12} We find the trial court's imposition of a jail term was appropriate in this matter, and does not impose an unnecessary burden on state or local resources. The record reveals Appellant sexually abused his twelve year old stepdaughter over the course of several years, commencing when the girl was 8 or 9 years of age. Appellant's relationship with the girl facilitated his ability to commit the offenses. Appellant showed *Page 5 
no remorse for his crime, and blamed his ex-wife and/or his step-daughter for his behaviors.
 {¶ 13} Appellant's sole assignment of error is overruled.
 {¶ 14} The judgment of the Ashland County Court of Common Pleas is affirmed.
 Hoffman, P.J., Farmer, J., and Delaney, J., concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] A Statement of the Facts underlying Appellant's conviction is unnecessary to our disposition of this appeal; therefore, such shall not be included herein. *Page 1