OPINION *Page 2 
{¶ 1} On September 29, 2006, the Ashland County Grand Jury indicted appellant, David Dean, on two counts of gross sexual imposition in violation of R.C. 2907.05, one count of abduction in violation of R.C.2905.02, and one count of disorderly conduct in violation of R.C.2917.11. Said charges arose from an incident involving appellant and a nine year old girl. The disorderly conduct charge involved another girl.
 {¶ 2} On January 2, 2007, appellant pled guilty to everything except for one of the gross sexual imposition counts. A sentencing hearing was held on May 3, 2007. By judgment entry filed May 9, 2007, the trial court sentenced appellant to an aggregate term of six years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES."
 I {¶ 5} Appellant claims his sentence of six years imposes an unnecessary burden on state resources in contravention of R.C.2929.13(A). We disagree.
 {¶ 6} R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states as follows in pertinent part:
 {¶ 7} "Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant *Page 3 
to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources."
 {¶ 8} As we noted in State v. Ferenbaugh (February 26, 2004), Ashland App. No. 03COA038, 2004-Ohio-977, "[t]he very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guideline for what an `unnecessary burden' is."
 {¶ 9} Appellant argues he has "no known criminal history and has not served prior prison time," and "has accepted responsibility for his actions by pleading guilty and is mentally challenged to the point of being mildly mentally retarded with an IQ of 56." Appellant's Brief at 7. Therefore, a six year aggregate sentence on third degree felonies and a minor misdemeanor imposes an unnecessary burden on state resources.
 {¶ 10} The record indicates appellant restrained the victim and engaged in sexual contact with her. Appellant also caused inconvenience by annoyance or alarm to a second victim. As to the first victim, appellant established a relationship with her by permitting her to walk his dog. May 3, 2007 T. at 17. Appellant established the victim's trust and then engaged in sexual contact to satisfy his sexual urges. Id. Appellant did so by using force as indicated by the abduction charge. Id. at 14. The victim suffered serious psychological harm and required counseling. Id. at 16. While appellant's sexual acting out can be controlled with medication, there is no way to monitor whether or not he is taking his medication properly. Id. Based upon these facts, we find the least impact on local and state government resources in this case would be imprisonment. *Page 4 
 {¶ 11} Upon review, we find no evidence to indicate the sentence in this case is an unnecessary burden on state resources.
 {¶ 12} The sole assignment of error is denied.
 {¶ 13} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed. By Farmer, P.J. Wise, J. and Delaney, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed. *Page 1