OPINION *Page 2 
{¶ 1} Appellant Stephanie Furr appeals the trial court's imposition of a jail sentence on the basis that it is an unnecessary burden on government resources.
 {¶ 2} On September 9, 2006, appellant pled guilty to one count of aggravated assault, in violation of R.C. 2903.12(A)(2), a felony of the fourth degree, and one count of possessing criminal tools, in violation of R.C. 2923.24(A), a felony of the fifth degree. The trial court ordered a pre-sentence investigation.
 {¶ 3} On January 29, 2007, the trial court conducted a sentencing hearing. The trial court reviewed the pre-sentence investigation and noted that appellant had previously engaged in "assaultive behavior" which resulted in a conviction for disorderly conduct. January 29, 2007 Sentencing Transcript at 26. The trial court further stated that appellant demonstrated a "lack of self-control." Id. The trial court sentenced appellant to six months on each count to be served concurrently for a total of six months incarceration.
 {¶ 4} Appellant now appeals raising a single Assignment of Error:
 {¶ 5} "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES."
 {¶ 6} In her sole assignment of error, appellant contends that her six month sentence is an unnecessary burden on state resources. We disagree.
 {¶ 7} This Court has previously addressed this argument in State v.Ferenbaugh, Ashland App. No. 03COA038, 2004-Ohio-977. InFerenbaugh, we held:
 {¶ 8} "R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states as follows, in pertinent part: `Except as *Page 3 
provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in section 2929.14 to2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources.' The very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guidelines for what an `unnecessary burden' is." See also, State v. Sweet, Ashland App. No. 07 COA 001, 2008-Ohio-284, State v. Douglas, Ashland App. No. 04 CA 76, 2005-Ohio3920.
 {¶ 9} Upon review, we find the trial court's imposition of a jail term was appropriate in this matter, and does not impose an unnecessary burden on state or local resources. The record reveals that appellant assaulted her daughter with premeditation. Further, appellant has a previous misdemeanor conviction for similar behavior. Although appellant showed remorse, the trial court was unconvinced that the behavior would not reoccur.
 {¶ 10} The trial court did not abuse its discretion or burden state resources by sentencing appellant to six months in prison on two felony counts. *Page 4 
 {¶ 11} For the foregoing reasons, appellant's single assignment of error is overruled. The decision of the Ashland County Common Pleas Court is affirmed.
 Delaney, J., Hoffman, P.J. and Farmer, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1