OPINION *Page 2 
{¶ 1} Appellant Kevin Crouse appeals the trial court's imposition of a jail sentence on the basis that it is an unnecessary burden on government resources.
 {¶ 2} On November 1, 2006, appellant pled guilty to one count of burglary, in violation of R.C. 2911.12(A)(4), a felony of the fourth degree; one count of grand theft of a motor vehicle, in violation of R.C. 2913.02(A)(1), a felony of the fourth degree; one count of petty theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree; and attempt (tampering with evidence), in violation of R.C.2923.02 and § 2921.12(A)(1). The trial court ordered a pre-sentence investigation.
 {¶ 3} On December 18, 2006, the trial court conducted a sentencing hearing. The trial court first noted that the crimes appellant committed were more serious due to the business relationship he had with the victims, an Amish family. Sentencing Transcript at 13. The trial court further noted that appellant had "a significant history of prior criminal offenses." Id. The trial court then cited the list of offenses which included felony convictions for escape and non-support of dependents; and misdemeanor convictions for domestic violence, unauthorized use of a motor vehicle and resisting arrest. The trial court noted that despite the appellant's list of criminal convictions, he had yet to serve time in prison. T. at 14. The trial court then sentenced to 16 months in prison for each fourth degree felony and 180 days on the misdemeanor. All sentences were to be served concurrently for a total of 16 months incarceration.
 {¶ 4} Appellant now appeals raising a single Assignment of Error:
 {¶ 5} "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES." *Page 3 
 {¶ 6} In his sole assignment of error, appellant contends that his 16-month sentence is an unnecessary burden on state resources. We disagree.
 {¶ 7} This Court has previously addressed this argument in State v.Ferenbaugh, Ashland App. No. 03COA038, 2004-Ohio-977. InFerenbaugh, we held:
 {¶ 8} "R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states as follows, in pertinent part: `Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in section2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources.' The very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guidelines for what an `unnecessary burden' is." See also, State v. Sweet, Ashland App. No. 07 COA 001, 2008-Ohio-284, State v. Douglas, Ashland App. No. 04 CA 76, 2005-Ohio3920.
 {¶ 9} Upon review, we find the trial court's imposition of a jail term was appropriate in this matter and does not impose an unnecessary burden on state or local resources. The record reveals that appellant committed a crime against an Amish family he knew through business transactions. Further, appellant had numerous previous criminal convictions and has established a likelihood to reoffend.
 {¶ 10} The trial court did not abuse its discretion or burden state resources by sentencing appellant to 16 months in prison. *Page 4 
 {¶ 11} For the foregoing reasons, appellant's single assignment of error is overruled. The decision of the Ashland County Common Pleas Court is affirmed.
 Delaney, J. Hoffman, P.J. and Farmer, J. concur *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1