OPINION *Page 2 
{¶ 1} Appellant Daniel Turner appeals the trial court's imposition of a jail sentence on the basis that it is an unnecessary burden on government resources.
 {¶ 2} Appellant pled guilty to two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), felonies of the third degree. Appellant had engaged in sexual contact with an eleven year old girl on several occasions. Some offenses occurred while appellant was under the influence of alcohol. The trial court ordered a pre-sentence investigation.
 {¶ 3} On April 16, 2007, the trial court conducted a sentencing hearing. Detective Smart testified that appellant admitted to using alcohol on weekends. T. at 19. Appellant has a previous criminal record which includes, failure to file an income tax return, domestic violence, no operator's license, two OVI's, and petty theft. T. at 33. He does not have a prior record of a sexual nature. T. at 34. However, the trial court ruled that the offenses were more serious because there were "multiple instances of sexual contact with [the] child" and involved "a very young child, 10 to 11 years old at the time of the offense". T. at 35,40. At the time of the offenses, appellant was on probation with the Ashland Municipal Court for his second OVI. T. at 40-41. Appellant was remorseful at the sentencing hearing. T. at 38. The trial court sentenced appellant to four years on each count to be served consecutively for a total of eight years.
 {¶ 4} Appellant now appeals raising a single Assignment of Error:
 {¶ 5} "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES." *Page 3 
 I. {¶ 6} In his sole assignment of error, appellant contends that his eight year sentence is an unnecessary burden on state resources. We disagree.
 {¶ 7} This Court has previously addressed this argument in State v.Ferenbaugh, Ashland App. No. 03COA038, 2004-Ohio-977. InFerenbaugh, we held:
 {¶ 8} "R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states as follows, in pertinent part: `Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in section2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources.'
 {¶ 9} "The very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guidelines for what an `unnecessary burden' is."
 {¶ 10} "The record sub judice is devoid of any evidence to support the claim of an `unnecessary burden on the state or local government resources.' In fact, the record indicates appellant's past probation violations have placed a burden on local government resources. * * * This supports the argument in favor of a prison sentence. * * *"Id. at 5-8. See also, State v. Sweet, Ashland App. No. 07 COA 001,2008-Ohio-284, State v. Douglas, Ashland App. No. 04 CA 76, 2005-Ohio3920. *Page 4 
 {¶ 11} We find the trial court's imposition of a jail term was appropriate in this matter, and does not impose an unnecessary burden on state or local resources. The record reveals that appellant has a history of alcohol dependence. Appellant had a prior criminal record, further, he was on probation at the time of the offense. The victim was a child and the sexual contact occurred on multiple occasions.
 {¶ 12} The trial court did not abuse its discretion or burden state resources by sentencing appellant to eight years in prison.
 {¶ 13} For the foregoing reasons, appellant's single assignment of error is overruled. The decision of the Ashland County Common Pleas Court is affirmed.
 Delaney, J. Farmer, P.J. and Wise, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1