OPINION *Page 2 
{¶ 1} Appellant Scott Burrows appeals the sentence imposed upon him by the Delaware County Common Pleas Court following his conviction on multiple theft and fraud charges stemming from the operation of a home remodeling business
 {¶ 2} On January 26, 2007, the Delaware County Grand Jury indicted appellant on 40 felony charges, comprising of fourteen (14) counts of theft in violation of R.C. 2913.02, felonies of the fourth degree, ten (10) counts of theft in violation of R.C. 2913.02, felonies of the fifth degree, nine (9) counts of theft in violation of R.C. 2912.02, felonies of the third degree, two (2) counts of securing writings by deception in violation of R.C. 2913.43, felonies of the second degree, one (1) count of passing bad checks in violation of R.C. 2913.11, a felony of the fourth degree, one (1) count of passing bad checks in violation of R.C. 2913.11 being a felony of the third degree, one (1) count of bigamy in violation of R.C. 2919.01, a misdemeanor of the first degree, one (1) count of money laundering in violation of R.C. 1315.55, a felony of third degree, and one (1) count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A), a felony of the first degree.
 {¶ 3} On April 24, 2007, appellant entered guilty pleas to counts two (2), four (4), seven (7), ten (10), twelve (12), fourteen (14), sixteen (16), eighteen (18), twenty (20), twenty-two (22), twenty-four (24), twenty-five (25), thirty-one (31), thirty seven (37), thirty-eight (38) and a lesser included offense of that charged in count thirty four (34) of the Indictment. These counts consisted of one (1) felony three theft, six (6) felony five thefts, seven (7) felony four thefts, one (1) felony four passing bad check, and one (1) misdemeanor bigamy. *Page 3 
 {¶ 4} On June 4, 2007, the trial court sentenced appellant. The trial court imposed a term of incarceration of six (6) months on counts two (2), four (4), seven (7), ten (10), twelve (12), fourteen (14), sixteen (16), eighteen (18), twenty (20), twenty-two (22), twenty-four (24), twenty-five (25), thirty-four (34), thirty-seven (37), thirty-eight (38). On count thirty-one (31) the Trial Court imposed a one-year sentence. All of the terms were to run consecutively, except for the jail term imposed on count thirty-eight (38). The aggregate prison term for the consecutive offenses is eight and a half years. The trial court also ordered restitution of approximately $ 138,600.
 {¶ 5} The trial court in imposing this sentence found that appellant was not amenable to community control sanctions. T. at 11. The trial court found that appellant held a position of trust and violated that position, he had a history of criminal convictions, he had failed to respond favorably in the past to sanctions imposed, and he had no genuine remorse for the offenses. Id. The trial court found the offense was less serious as no physical harm to persons or property was caused. Id. Based upon these facts, the trial court found a prison term was consistent with the principles and purposes of sentencing. Id.
 {¶ 6} It is from this sentence that appellant appeals.
 {¶ 7} Appellant raises one Assignment of Error:
 {¶ 8} "I. THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE PRISON SENTENCES TOTALLING EIGHT (8) YEARS IS CONTRARY TO LAW."
 {¶ 9} In his sole assignment of error, appellant contends that his prison sentence is contrary to law. He presents four issues for review. *Page 4 
 {¶ 10} First, appellant contends the trial court wrongly found community control sanctions were not appropriate. Second, appellant argues the sentence was not consistent with the crimes of similar offenders that were sentenced by the same judge. Next, appellant argues the imposition of consecutive sentences was not supported by the record. Lastly, appellant submits the imposition of consecutive sentences imposes an unnecessary burden on the State's resources. Since these four issues all challenge appellant's prison sentence, we will addressed them together.
 {¶ 11} Appellant was sentenced in the post-Foster era. See State v.Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856. In State v.Firouzmandi, Licking App. No. 2006-CA-41, 2006-Ohio-5823, we recognized that the Foster court's removal of R.C. 2953.08(G)(2) from the statutory sentencing scheme eliminated the clear and convincing standard and left a void concerning the applicable standard of review in sentencing matters. Id. at ¶ 37, citing State v. Windham, Wayne App. No. 05CA0033,2006-Ohio-1544 at ¶ 11. Therefore, the rule in the post-Foster era is to review felony sentences under an abuse of discretion standard. SeeState v. Pressley, Muskingum App. No. CT2006-0033, 2007-Ohio-2171, ¶ 17, citing State v. Coleman, Lorain App. No. 06CA008877, 2006-Ohio-6329. An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." See State v. Adams (1980) 62 Ohio St.2d. 151, 157. Furthermore, judicial fact-finding is no longer required before a court imposes maximum prison terms. State v. Mooney, Stark App. No. 2005-CA-00304, 2006-Ohio-6014, ¶ 58, citing State v. Mathis,109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855. But trial courts are still required to "consider" the general guidance factors contained in *Page 5 
R.C. 2929.11 and R.C. 2929.12 in their sentencing decisions. SeeState v. Diaz, Lorain App. No. 05CA008795, 2006-Ohio-3282, ¶ 8.
 {¶ 12} In this case, the trial court stated: "All right, Mr. Burrows, of course my job today is to punish you and in doing that, to keep you from committing another crime and, of course, serve as an example to others to keep them from committing a like crime. In doing that, I have to follow the law in terms of appropriate sentence and consider certain factors."
 {¶ 13} "Of course, the court would consider you in a position of trust, when people hire you to do work and you don't follow through on that. You've got a history of criminal convictions, fraudulent activities charge, `78 in Michigan; indecent exposure; gross sexual imposition; carrying a concealed weapon, a misdemeanor; theft, it looks like a misdemeanor; another theft, misdemeanor. Failure to respond in the past to sanctions imposed, the court would find you show no genuine remorse for the offense. I don't find anything indicating recidivism is unlikely."
 {¶ 14} "Serious factors, of course, the victims suffered serious economic harm as a result of the offense. Again, you held a position of trust; your occupation, profession facilitated the offense; you relationship with the victims facilitated the offense."
 {¶ 15} "On the less serious side, of course, no physical harm to persons or property were caused. Certainly, the recidivism factors, serious factors outweigh those indicating less serious and less likelihood of recidivism."
 {¶ 16} "The court would find at this point in time you're not amenable to community control." T. at 10-11. *Page 6 
 {¶ 17} The trial court did not have to engage in any fact finding, but it found certain factors of R.C. 2929.13(B)(1) to be applicable. Specifically, the trial court found appellant was not amenable to community control. Appellant was a repeat offender. He had a lengthy criminal record. The State opposed community control and recommended maximum, consecutive sentences due to the numerous victims, some elderly, of the crimes. The statutory sentencing range for a third degree felony is one to five years; a fourth degree felony is 6 to 18 months; and a fifth degree felony is 6 to 12 month. R.C. 2929.14 (A). The trial court had the discretion to impose the minimum prison sentence within the statutory range on each count and to impose consecutive sentences.
 {¶ 18} Appellant claims his sentence is inconsistent with prison sentences imposed on other individuals who perpetrated similar schemes defrauding individuals. As we stated in State v. King, Muskingum App. No. CT06-0020, 2006-Ohio-6566, our role as an appellate court evaluating a sentence challenged for consistency is to determine "whether the sentence is so unusual as to be outside the mainstream of local judicial practice" citing State v. Quine, Summit App. No. 20968, 2002-Ohio-6987. In King, we declined "to compare a particular defendant's sentences with similar crimes in this or other jurisdictions unless there is an inference of gross disproportionality" citing State v. Vlahopoulos, Cuyahoga App. No. 80427, 2002-Ohio-3244.
 {¶ 19} Our review of the record indicates that the trial court did not fail to consider the purposes and principles of R.C. 2929.11 et seq. Appellant cannot show that his sentence is inconsistent with sentences imposed upon other criminals that committed similar crimes merely by presenting cases in which similar crimes received different *Page 7 
sentences and/or an earlier opportunity to be considered for judicial release. Instead, our review centers around the particular facts and circumstances of the case to determine whether the trial court considered the proper factors and imposed a sentence that is not grossly inconsistent with those received by substantially similar offenders.
 {¶ 20} As stated earlier, appellant's sentence is within the statutory range and it is within the trial court's discretion to consider factors, such as appellant's prior convictions, in determining an appropriate sentence.
 {¶ 21} Appellant finally contends that his eight year sentence is an unnecessary burden on state resources because he is a middle-aged offender (age 48) and there is a potential for higher costs associated with the imprisonment of older offenders.
 {¶ 22} This Court has previously addressed a similar argument inState v. Ferenbaugh, Ashland App. No. 03COA038, 2004-Ohio-977. InFerenbaugh, we held:
 {¶ 23} "R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states as follows, in pertinent part: `Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in section 2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources.'
 {¶ 24} "The very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guidelines for what an `unnecessary burden' is." *Page 8 
 {¶ 25} "The record sub judice is devoid of any evidence to support the claim of an `unnecessary burden on the state or local government resources.' In fact, the record indicates appellant's past probation violations have placed a burden on local government resources. * * * This supports the argument in favor of a prison sentence. * * * "Id. at 5-8. See also, State v. Sweet, Ashland App. No. 07 COA 001,2008-Ohio-284, State v. Douglas, Ashland App. No. 04 CA 76, 2005-Ohio3920.
 {¶ 26} We find the trial court's imposition of a prison term was appropriate in this matter and does not impose an unnecessary burden on state or local resources. The record reveals that appellant committed numerous theft offenses against persons who held him in trust as a home remodeler. Further, appellant had numerous previous criminal convictions.
 {¶ 27} The trial court did not abuse its discretion or burden state resources by sentencing appellant to eight years in prison.
 {¶ 28} For the foregoing reasons, appellant's assignment of error is overruled. *Page 9 
 {¶ 29} The decision of the Delaware County Common Pleas Court is affirmed.
 Delaney, J. Gwin, P.J. and Wise, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1