OPINION
{¶ 1} Defendant-appellant Curtis R. Lewis appeals his sentence entered by the Ashland County Court of Common Pleas on one count of possession of cocaine, in violation of R.C. 2925.11(A). Plaintiff-appellee is the State of Ohio. STATEMENT OF THE CASE[1] {¶ 2} On August 30, 2007, Trooper Brad Bishop of the Ohio State Highway Patrol filed a Complaint against Appellant, alleging one count of possession of cocaine. Appellant appeared before the trial court on September 4, 2007, for an initial appearance, and entered a plea of not guilty to the charge. Appellant was subsequently indicted by the Ashland County Grand Jury on the same charge. Appellant appeared before the trial court for an arraignment on October 17, 2007, and entered a plea of not guilty to the Indictment.
 {¶ 3} Appellant filed a motion to suppress. The trial court denied the motion after conducting an evidentiary hearing. Thereafter, on November 26, 2007, Appellant appeared before the trial court and withdrew his former plea of not guilty and entered a plea of no contest to the charge. The trial court conducted a Crim. R. 11 colloquy with Appellant. The trial court found Appellant fully understood all of his Constitution Rights and other matters connected with his plea, and was knowingly, understandingly, voluntarily entering his plea of no contest. The trial court accepted the plea and found Appellant guilty as charged. *Page 3 
 {¶ 4} The matter came on for sentencing on January 2, 2008. The trial court sentenced Appellant to a term of incarceration of three years. The trial court also terminated Appellant's post-release control and imposed the remaining term of that post-release control, to wit: 839 days, as a prison term to be served consecutively with the three year sentence. The trial court imposed court costs and suspended Appellant's driver's license for five years. The trial court memorialized Appellant's sentence via Judgment Entry filed January 2, 2008.
 {¶ 5} It is from this sentence Appellant appeals, raising as his sole assignment of error:
 {¶ 6} "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES."
 I {¶ 7} In his sole assignment of error, Appellant maintains the trial court's imposition of a prison sentence in this matter places an unnecessary burden on state resources.
 {¶ 8} In State v. Ferenbaugh, Ashland App. No. 03COA038,2004-Ohio-977), this Court addressed the identical argument raised by Appellant herein. Therein, we held:
 {¶ 9} "R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states as follows, in pertinent part: `Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or *Page 4 
combination of sanctions on the offender that are provided in section 2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources.'
 {¶ 10} "The very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guidelines for what an `unnecessary burden' is.
 {¶ 11} "The record sub judice is devoid of any evidence to support the claim of an `unnecessary burden on the state or local government resources.' In fact, the record indicates appellant's past probation violations have placed a burden on local government resources. * * * This supports the argument in favor of a prison sentence" Id. at 5-8. See also; State v. Dean, Ashland App. No. 07COA23, 2008-Ohio-875;State v. Douglas, Ashland App. No. 04 CA 76, 2005-Ohio-3920.
 {¶ 12} We find the trial court's imposition of a prison term was appropriate in this matter and does not impose an unnecessary burden on state or local resources. The record reveals Appellant was a repeat drug offender, and the instant Indictment was the third time he was charged with possession of cocaine.
 {¶ 13} The trial court did not abuse its discretion or burden state resources by sentencing Appellant to prison.
 {¶ 14} Appellant's sole assignment of error is overruled. *Page 5 
 {¶ 15} The judgment of the Ashland County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] The Statement of the Facts underlying Appellant's conviction is not necessary to our disposition of this Appeal; therefore, such shall not be included herein. *Page 1